KEVIN V. RYAN (CSBN 118321)
United States Attorney

**E-filed 12/16/05**

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

CANDACE KELLY (CSBN 191473)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6962
    FAX: (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 05-00589-JF |
|     Plaintiff, ) | |
| v. ) | |
| ) | STIPULATION AND [~~PROPOSED~~] ORDER TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT FROM NOVEMBER 2, 2005 TO FEBRUARY 8, 2006 |
| ALEXANDER DZHUGA, ) | |
|   a/k/a Aleksandr Dhuga, ) | |
|   a/k/a Aleksandr Dzhuga, ) | |
| LEONID DZHUGA, ) | |
| VLADIMIR A. SEMENOV, ) | |
| NATALIA IGOREVNA STADNIK, ) | |
|   a/k/a Natalia Stadnik Dzhuga, and ) | |
| ARMOND TENNYSON TOLLETTE II, ) | |
|   a/k/a Armond T. Tollette, Jr., ) | |
| ) | |
|     Defendants. ) | |

STIPULATION

1. On November 2, 2005, the parties in the above-captioned case appeared before the Court for their first appearance in federal district court. At the hearing, Alexander Dzhuga was represented by Mark Werksman, Leonid Dzuga was represented by Dmitry Gurovich, Vladimir

ORDER
CR 05-00589-JF

Semenov was not represented, but indicated that he was attempting to hire an attorney, Natalia Stadnik was represented by Elon Berk, and Armond Tollette was not represented. Mr. Tollette indicated that he had retained an attorney, Kurt Robinson, but that Mr. Robinson had a conflict that prevented him from appearing at the hearing.

2. The government raised its concerns of a potential conflict based on the fact that Mr. Berk and Mr. Gurovich are each representing a defendant in this case despite being employed by the same law firm.

3. The government also informed the Court that discovery had not yet been produced, but it an initial production would be available within approximately one week to any defendants who requested it in writing. The initial production will consist of over 10,000 pages of documents.

4. The parties requested a continuance until February 8, 2006 at 9:00 in order to allow the defendants to finalize their representation and to allow the defendants to request and review the voluminous discovery in the case in order to adequately prepare for trial.

5. All present stipulated and agreed that time should be excluded from November 2, 2005 through and including February 8, 2006 from the Speedy Trial Act under 18 U.S.C. §§ 3161(h)(8)(A) and (B)(iv) in order to allow the defendants to obtain counsel as well as a reasonable amount of time for the defense to effectively prepare for trial, taking into account the exercise of due diligence.

SO STIPULATED.

DATED: 11/14/05                             /s/
                                            _____
                                            MARK J. WERKSMAN
                                            Attorney for Defendant A. Dzhuga

DATED: 11/22/05                             /s/
                                            _____
                                            DMITRY Y. GUROVICH
                                            Attorney for Defendant L. Dzhuga

DATED:                                      _____
                                            VLADIMIR SEMENOV
                                            Defendant

ORDER
CR 05-00589-JF

DATED: 11/20/05  
                                        /s/  
                                   ELON BERK  
                                   Attorney for Defendant Stadnik

DATED: 11/22/05  
                                        /s/  
                                   KURT ROBINSON  
                                   Attorney for Defendant Tollette

DATED: 12/9/05  
                                        /s/  
                                   CANDACE KELLY  
                                   Assistant United States Attorney

## ORDER

The Court finds that there is good cause for the extension of time described above, and that the ends of justice served by granting this continuance outweigh the best interests of the public and of the defendants in a speedy trial and the prompt disposition of criminal cases. 18 U.S.C. § 3161(h)(8)(A). The Court further finds that failure to grant the continuance would deny the defendants reasonable time to obtain counsel and would deny defense counsel the reasonable time necessary for effective preparation taking into account the exercise of due diligence and continuity of counsel under 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, and with the consent of the defendant, the Court continues the matter to February 8, 2006 at 9:00 a.m. for a status hearing and orders that the period from November 2, 2005 through and including February 8, 2006 be excluded from the Speedy Trial Act calculations under 18 U.S.C. § 3161(h)(8)(A) and (B)(iv).

IT IS SO ORDERED.

    Nunc pro tunc to 11/2/05

DATED: 12/16/05           /S/ELECTRONIC SIGNATURE AUTHORIZED  
                                        JEREMY FOGEL  
                                        UNITED STATES MAGISTRATE JUDGE

ORDER  
CR 05-00589-JF